EXHIBIT F

**EXHIBIT F**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61414-CIV-COHN/SELTZER

RECOVERY VILLAGE AT UMATILLA, LLC,

    Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF FLORIDA,
INC., d/b/a Florida Blue, COMMUNITY INSURANCE
COMPANY, d/b/a Anthem Blue Cross and Blue Shield,
HEALTH CARE SERVICE CORPORATION, d/b/a Blue
Cross and Blue Shield of Illinois, BLUE CROSS AND
BLUE SHIELD OF NORTH CAROLINA, ANTHEM HEALTH
PLANS OF VIRGINIA, INC., d/b/a Anthem Blue Cross and
Blue Shield in Virginia, HIGHMARK INC., d/b/a Highmark
Blue Cross Blue Shield and d/b/a Highmark Blue Shield,
BLUE CROSS AND BLUE SHIELD OF ALABAMA, and
BLUE CROSS AND BLUE SHIELD OF KANSAS CITY,

    Defendants
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand [DE 19] ("Motion"). The Court has considered the Motion, Defendants' Opposition [DE 35], and Plaintiff's Reply [DE 38], and is otherwise advised in the premises. For the reasons that follow, the Motion will be **GRANTED** and this case will be remanded to the Broward County Circuit Court.

    **I.**    **Background**

On May 22, 2015, Plaintiff Recovery Village at Umatilla, L.L.C., ("Recovery Village") filed this action in the Circuit Court for Broward County, Florida. Recovery Vill. at Umatilla, LLC v. Blue Cross & Blue Shield of Fla., Inc., No. CACE-15-

008975 (Fla. Cir. Ct.). The state-court action asserts five counts arising out of the alleged failure by Defendants to pay Plaintiff the full amounts due and owing for covered and pre-authorized or approved substance-abuse-disorder treatment and other related behavioral-health services. Complaint, ¶ 1 [DE 1-1]. Specifically, Plaintiff sues for breaches of express, implied-in-fact, and implied-in-law contracts and also a claim for civil conspiracy.

On July 8, 2015, Defendants removed Plaintiff's state-court action to federal court [DE 1] and subsequently sought to transfer the action to an ongoing multidistrict litigation in the Northern District of Alabama and stay the current proceedings before this Court [see DE 6]. On July 16, 2015, Plaintiff filed a motion to remand the action to the Broward County Circuit Court, including a request for related attorneys' fees and costs. [DE 19]. On August 3, 2015, Defendants filed an opposition to the motion [DE 35], and Plaintiff filed a reply on August 7, 2015 [DE 38].

Defendants argue that Plaintiff's state-law contract claims are subject to complete preemption under Section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, and that the federal court should exercise supplemental jurisdiction over Plaintiff's state-law civil-conspiracy claim. In contrast, Plaintiff argues that its claims are governed solely by state law and do not fall within the scope of ERISA. Therefore, according to Plaintiff, the federal court lacks subject-matter jurisdiction over its claims.

II. **Legal Standard**

Federal courts possess limited jurisdiction. In general, federal jurisdiction exists only when a controversy involves either a question of federal law or diversity of

2

citizenship between the parties.  See 28 U.S.C. §§ 1331–32.  Removal statutes are strictly construed.  Sygenta Crop Prot. Inc. v. Henson, 537 U.S. 28, 32 (2002).  Courts should remand all cases where subject-matter jurisdiction is in doubt.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).  A defendant carries the burden of demonstrating a court's removal jurisdiction.  Lowery v. Ala. Power Co., 483 F.3d 1184, 1209–10 (11th Cir. 2007).  The Court should confine its inquiry to the notice of removal, the complaint, and other evidence submitted by the parties in connection with the motion.  Id. at 1211.

This case concerns the Court's federal-question jurisdiction.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citation omitted).  "Nevertheless, there exists an 'independent corollary' to the well-pleaded complaint rule known as 'complete preemption,' which creates federal-question jurisdiction when 'the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  Gables Ins. Recovery v. United Healthcare Ins. Co., 39 F. Supp. 3d 1377, 1383 (S.D. Fla. 2013) (quoting Caterpillar, 482 U.S. at 392 (internal quotation marks omitted)).

### III. Discussion

Defendants argue that removal is appropriate because Recovery Village's state-law claims are completely preempted by ERISA, which limits remedies for breach of certain health-insurance policies covered by the statute.  "Complete preemption under

3

ERISA derives from ERISA's civil enforcement provision, § 502(a)." Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1344 (11th Cir. 2009). "[A]ny cause[] of action within the scope of the civil enforcement provisions of § 502(a) is removable to federal court." Id.

In Aetna Health Inc. v. Davila, 542 U.S. 200 (2004), the Supreme Court set forth a two-part test to determine whether ERISA completely preempts a claim. First, a court must determine "whether the plaintiff could have brought its claim under § 502(a)" of ERISA. Conn. State Dental Ass'n, 591 F.3d at 1345. Second, there must be no other independent legal duty that supports the plaintiff's claim. Id.

The first prong of the Davila test—whether the plaintiff could have brought its claims under Section 502(a)—has two requirements: (1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA. See Conn. State Dental, 591 F.3d at 1350. In determining whether a medical-care provider's claims fall within the scope of ERISA, the Eleventh Circuit distinguishes between claims for "rate of payment" and "right to payment." Id. at 1350–51. A rate-of-payment claim alleges that a provider disputes the amount of payment, while a right-to-payment claim challenges non-payment because the insurer denied payment altogether for "medically necessary" services. Id. Right-to-payment claims fall within the scope of ERISA, whereas rate-of-payment claims typically do not. Id. at 1350; see also Borrero v. United Healthcare of NY, Inc., 610 F.3d 1296, 1302 (11th Cir. 2010). Notably, "where claims do not involve coverage determinations, but have already been deemed 'payable,' and the only remaining issue is whether they were paid at the proper contractual rate, ERISA preemption does not apply." Lone Star OB/GYN Assocs. v.

4

Aetna Health, Inc., 579 F.3d 525, 532 (5th Cir. 2009) (cited approvingly by Conn. State Dental, 591 F.3d at 1349–50).

In this action, Defendants argue that at least some reimbursements paid to Plaintiff were lower than the amount billed due to coverage determinations, making such claims right-to-payment claims and thereby falling within the scope of ERISA. DE 35 at 7. In contrast, Plaintiff argues that it challenges only the amount of payments already made by Defendants, placing those claims outside the scope of ERISA. DE 19 at 7 (citations omitted). According to Plaintiff, no counts of its Complaint "contest a denial of a claim, challenge the medical necessity of a claim, or otherwise challenge entitlement to be paid," but rather Plaintiff "seeks only the proper amount of payment for those claims that Defendants already authorized, already deemed covered, and already (under)paid." Id. at 9 (citations omitted). If Plaintiff is correct, resolution of its claims would not require interpretation of ERISA plans, as Defendants contend.

The Court finds that Plaintiff has raised sufficient doubt that its claims fall within the scope of ERISA and therefore whether the Court has subject-matter jurisdiction over this action. If all the claims at issue were pre-authorized and paid by Defendants, as Plaintiff contends, such claims would not fall within the scope of ERISA, and Recovery Village's state-law claims would not be completely preempted. Accordingly, the Court need not examine the second prong of the Davila test as it applies to this action, and the Court must resolve doubt regarding its subject-matter jurisdiction in favor of remand.

### IV. Conclusion

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

5

1.  Plaintiff's Motion to Remand [DE 19] is **GRANTED** and this case shall be **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida.

2.  The Clerk of Court is hereby directed to forward a certified copy of this Order to the Clerk of the Seventeenth Judicial Circuit in and for Broward County, Florida, with reference to Case No. CACE-15-008975.

3.  Because the Court concludes that Defendants had an objectively reasonable basis for removal, the Court denies Plaintiff's request for attorneys' fees and costs in connection with the Motion under 28 § U.S.C. 1447(c).

4.  The Clerk of Court is directed to **CLOSE** the case and **DENY** all other pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 28th day of August, 2015.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF.

6